## 17 West 50th Street Corporation, Plaintiff, *v.* Hill Tolerton, Defendant.

(City Court of the City of New York, Trial Term, June, 1919.)

Verdict — motion for direction of — duty of court to pass upon facts as well as law.

Contracts — what does not constitute a binding agreement between parties — pleading — lease — Statute of Frauds.

> Where both sides move for the direction of a verdict at the close of the case it is the duty of the court to pass upon the facts as well as upon the law.
>
> The acceptance of an offer in order to make a valid contract must in every respect meet and correspond with the offer,

neither falling within nor going beyond the terms proposed but exactly meeting them at all points.

Where an answer proposes to accept an offer under some modification it amounts to a rejection of the offer as made.

Where plaintiff wrote a letter to defendant offering to lease to him the fourth floor of a certain building for five, and the ground floor for eight years and eight months at a certain rental, and the next day defendant replied that he would take the premises with the understanding that certain details concerning his use of the garden and improvements would be adjusted and that the " length of time — ten years ⁺ * * will be satisfactory " and thereafter plaintiff submitted a formal written lease which defendant refused to sign, the writings do not constitute a binding agreement between the parties.

Defendant's letter was not an acceptance of plaintiff's offer because it specified three new conditions, namely, the use of the garden, improvements and a longer term.

In order to satisfy the Statute of Frauds in such a case the written memoranda must state the entire contract with reasonable definiteness and certainty so that the substance thereof will appear from the writings without any resort to parol evidence.

The writings in the case at bar do not show all of the essential terms of the alleged contract.

Motion for judgment.

G. Arnold Moses, for plaintiff.

Henry C. Quinby, for defendant.

Valente, J.   Both sides have moved for judgment, which imposes the duty on this court of passing upon the facts as well as upon the law.   As I view the instant case, however, no question of fact is involved, but only a question of law.   The complaint alleges a certain agreement for the leasing by plaintiff, a domestic real estate corporation, to defendant, an artist, of a studio on the fourth floor of the premises located at No. 17 West Fiftieth street, borough of Manhattan, New York city, for a term of eight years and eight months, beginning March 1, 1919, and also alleges a written

agreement for the leasing by plaintiff to defendant of the ground floor in the same building, " with use of the rear yard for the purpose of displaying statuary," for the same term; that defendant breached the agreement, and plaintiff seeks to recover the rental for the month of March, 1919. The answer in substance denies the making of any agreement, and for a separate defense sets up the Statute of Frauds. I am of the opinion that there are two reasons why plaintiff cannot succeed. The plaintiff argues in its memorandum that " it cannot be doubted, to begin with, that a contract is complete if made by letters in which the minds of the parties have met," and authorities to this effect are cited. The correctness of this abstract proposition of law cannot be disputed. The difficulty with the proposition lies not so much in its statement as in its application. In every case the question is whether the letters exchanged by the parties show that in fact and in truth their minds have really met. Unless there is a complete meeting of the minds there is no contract. All the authorities agree that the slightest deviation in the acceptance from the terms of the offer is, in effect, a rejection of the offer, and constitutes a counter-offer, which must be accepted before either is bound. An acceptance, to be good, must therefore, in every respect, meet and correspond with the offer, neither falling within nor going beyond the terms proposed, but exactly meeting them at all points and closing with them as they stand. Otherwise the minds of the parties are not *ad idem* upon all the terms of the contract, and the first essential of all contractual obligation is absent. In *Mahar* v. *Compton,* 18 App. Div. 540, the court said: " It is well settled, however, that in order to establish a legal contract through the medium of correspondence, it must be made to appear that there

was not only a plain, unequivocal offer, but that the acceptance of such an offer was equally plain and free from ambiguity. In other words, there must have been an exact meeting of the minds of the contracting parties in respect to every detail of the proposed contract, and if the precise thing offered was not accepted; or if the acceptance was in any manner qualified by conditions or reservations, however slight they may have been, the universal rule seems to be that no valid contract is thereby established, but that such a modified or qualified acceptance must rather be treated as a rejection of the offer.'' In *Nundy* v. *Matthews,* 34 Hun, 74, the rule is well stated, as follows, at page 77: '' The law upon this subject is simple and elementary. In 1 Parsons on Contract (6th ed. 176–178) the rule is stated thus: ' But there are cases where the answer either in words or in effect departs from the proposition, or varies the terms of the offer or substitutes, for the contract tendered one more satisfactory to the respondent.' In these cases there is no assent and no contract. The respondent is at liberty to accept wholly or to reject, but one of these things he must do; for if he answers not rejecting, *but proposing to accept under some modification, this is a rejection of the offer.* All the cases adopt this view. (*Hutchinson* v. *Bowker,* 5 M. & W. 535; *Vassar* v. *Camp,* 11 N. Y. 441; *Chicago & G. E. R. R. Co.* v. *Dane,* 43 id. 240; 32 Am. Rep. 35–51.) *Winslow* v. *Moore et al.,* decided at the June term, 1883, by this court, where Smith, P. J., speaking upon the subject, says: ' Doubtless an acceptance in order to bind a party making an offer must be an unconditional and unqualified acceptance of all the material terms of the offer.' It follows, therefore, upon this branch of the case, that the defendant did not accept the plaintiff's offer, but, on the contrary, rejected it. It is a familiar rule that

there is no contract unless the parties thereto assent, and they must assent to the same thing in the same sense. The obligation must be mutual. The minds of the parties must meet. (*Dana* v. *Munro,* 38 Barb. 528; *Bruce* v. *Pearson,* 3 Johns. 535; *Tucker* v. *Woods,* 12 id. 190; *Wells* v. *Thompson,* 13 Weekly Dig. 256; *Mactier* v. *Frith,* 6 Wend. 103; *Fullerton* v. *Dalton,* 58 Barb. 236.)'' In *Poel* v. *Brunswick-Balke-Collander Co.,* 216 N. Y. 310, the Court of Appeals recently said: ''A proposal to accept the offer if modified or an acceptance subject to other terms and conditions was equivalent to an absolute rejection of the offer made by the plaintiffs.'' In the present case defendant's letter in reply to the plaintiff's offer was not an acceptance of the offer. The plaintiff's letter of February 14, 1919, contains an offer by it to lease the fourth floor for five and the ground floor for eight years and eight months at a certain named rental. The offer is silent as to the use of the rear yard for the purpose of displaying statuary, or about any decorations to be made. The letter of February 15, 1919, written by the defendant to the plaintiff, states that defendant has decided to take the premises on the terms mentioned in the statement given him by the plaintiff the day before, '' with the understanding that certain details concerning my use of the garden in the rear, and the necessary and advisable improvements in the store are to be adjusted between us or our representatives.'' The defendant's letter then continues: '' There was not time to go into all these matters yesterday, but I do not think that we will have any trouble in coming to an agreement. The length of time — *ten years* — which was practically for the life of your lease, will be satisfactory. I am going to Chicago to-night, and will return about the middle of next week. While I am gone, can you not have the lease drawn up, and I will have my attor-

ney go over the matter? In fact, you might have it mailed directly to him.'' It should be noted that no evidence was offered to show that the '' statements '' referred to in said letter are the propositions contained in plaintiff's letter of February fourteenth. On February eighteenth plaintiff wrote defendant's attorney inclosing the proposed lease in duplicate and stating in detail the alterations to be made. On February twenty-third defendant wrote plaintiff that he could not take the property, and the present suit arises because of plaintiff's insistence that a contract had been consummated, whereas defendant contends that the parties had not finally consummated the agreement and that the matter never advanced beyond the stage of negotiations. It seems clear to me that the writings do not constitute a binding legal agreement between the parties. Defendant's letter was not an acceptance of plaintiff's offer, for the reason that it specified at least three conditions which were neither contained in nor referred to in plaintiff's offer, and which cannot be regarded as immaterial, namely, (1) the use of the garden in the rear for the purpose of displaying statuary; (2) the arrangement as to necessary and advisable improvements in the premises; (3) a term of ten years, whereas plaintiff's offer had mentioned a very different term. Defendant's letter therefore was, at most, a counter offer. It was equivalent in the eye of the law to a rejection of plaintiff's offer. In the leading English case of *Hyde* v. *Wrench,* 3 Beav. 334, this point was specifically adjudicated, and the doctrine of the case has been repeatedly followed and approved. See *Wittwer* v. *Hurwitz,* 216 N. Y. 259, 264; *Minneapolis & St. Louis Ry.* v. *Columbus Rolling Mill,* 119 U. S. 149. Plaintiff failed to show any acceptance of defendant's counter-offer, and it follows that plaintiff and defendant never agreed

on each and all the terms of the proposed lease, and that there was therefore no binding agreement. There is another reason why plaintiff cannot succeed. It is settled law that in order to satisfy the Statute of Frauds the written memoranda must state the entire contract with reasonable definiteness and certainty, so that the substance thereof must appear from the writings, without any resort to parol evidence. In *Mentz* v. *Newwitter,* 122 N. Y. 491, the court said: "The whole current of authority in this state is that the memorandum must contain substantially the whole agreement, and all its material terms and conditions, so that one reading it can understand from it what the agreement is." In *Cooley* v. *Lobdell,* 153 N. Y. 596, Vann, J., said: "The statute requires the contract or some note or memorandum thereof to be in writing, and a writing cannot be a memorandum of a contract unless it contains the substance of a complete agreement, so that the full intention of the parties can be ascertained from it alone without recourse to parol evidence." *Odell* v. *Montrose,* 68 N. Y. 409, 506; *Wright* v. *Weeks,* 25 id. 153, 161; 2 Kent's Com. (12th ed.) 511; Browne on Statute of Frauds (5th ed.), § 371. In *Poel* v. *Brunswick-Balke-Collander Co., supra,* the Court of Appeals lays down the rule (at p. 314) as follows: "In order to satisfy the requirements of the Statute of Frauds the written note or memorandum must include all the terms of the completed contract which the parties made. It is not sufficient that the note or memorandum may express the terms of a contract. It is essential that it shall completely evidence the contract which the parties made. If instead of proving the existence of that contract, it establishes that there was in fact no contract or evidenced a contract in terms and conditions different from that which the parties entered into, it fails to comply with the

statute." Within the rule laid down by these controlling authorities plaintiff failed to prove any written memoranda of an agreement such as to satisfy the requirements of the Statute of Frauds, because the writings in evidence do not show that all the terms of the proposed lease were finally agreed upon. Essential terms of the alleged contract appear to have been omitted from the writings, so that in no event was the Statute of Frauds satisfied. *Wright* v. *Weeks,* 25 N. Y. 153, 161. An excellent discussion of the subject is found in the early leading New York case of *Bailey* v. *Ogden,* 3 Johns. 399, opinion by Kent, Ch. J. I have carefully considered all of the authorities referred to by plaintiff's learned attorney, but for the foregoing reasons I feel constrained to hold that plaintiff has failed to prove its case, in that it has not shown any binding agreement whatsoever between the parties and has not produced any written memoranda sufficient, in my judgment, to comply with the Statute of Frauds. Defendant's motion for the direction of a verdict in his favor is therefore granted, with costs.

Motion granted, with costs.