JOHN M. SPRATT, Plaintiff, *v.* PARAMOUNT PICTURES, INC., Defendant.

Supreme Court, Special Term, New York County, June 3, 1942.

*Alley, Cole & Grimes,* for the plaintiff.

*Simpson, Thacher & Bartlett,* for the defendant.

BENVENGA, J. This is a motion to dismiss a complaint in an action to compel defendant to ·issue to plaintiff ninety shares of its common stock, to which plaintiff claims he is entitled by reason of the privilege of conversion granted to holders of defendant's preferred stock under the terms of defendant's certificate of incorporation.

The certificate of incorporation provides that, in the case of shares called for redemption, the preferred stock shall be convertible " only up to and including the day which shall be two weeks prior to the redemption," and that before the holder of such preferred stock shall be entitled to convert the same into common stock " he shall surrender the certificate or certificates for the stock to be converted to the corporation at the office of any transfer agent for the common stock." Concededly, plaintiff's stock was called for redemption. The redemption date was February 3, 1942. The last day, therefore, on which the preferred stock was convertible was January 20, 1942. The question presented is whether the mailing by plaintiff of his certificate for shares of preferred stock on January 20, 1942, at York, S. C., so that it was not received at the office of the transfer agent in New York until January 22, 1942, is sufficient compliance with the provisions of the certificate of incorporation.

Plainly, the certificate of incorporation not only fixes the time within which the privilege of conversion must be done but also prescribes the manner in which it must be exercised. The preferred stock is convertible only up to and including January 20, 1942, by surrendering the certificates of stock to be converted to the corporation. In other words, the certificate of incorporation calls not only for the acceptance of the offer within the time fixed but the surrender of the certificate within that time. Compliance with both of these conditions is a prerequisite to the plaintiff's right to convert his preferred stock into common stock. Since the plaintiff failed to comply with these conditions he has waived or lost that right. (*Barber-Greene Co., Inc.,* v. *Dollard, Inc.,* 239 App. Div. 655, 658; affd., 267 N. Y. 545; *17 West 50th St. Corp.* v. *Tolerton,* 107 Misc. 609, 611; Restatement, Contracts, §§ 61, 66; 17 C. J. S. 378, § 41.)

It is true, as plaintiff argues, that an offer is deemed to be accepted as soon as a letter of acceptance, duly addressed and stamped, is deposited in a post office or letter box. But this rule applies only in cases where the offer is transmitted by mail. The theory is that the offerer, by using the mail as his agent to transmit the offer, has given the offeree implied authority to use the same agency to receive the reply. (*Wester* v. *Casein Co.,* 206 N. Y. 506,

.513.) The rule does not apply where the offer prescribes the time, place, mode of acceptance, or other matters which the offerer may insert in and make a part of the offer. In such a case " the acceptance, to conclude the agreement, must, in every respect, meet and correspond with the offer, neither falling short of or going beyond the terms proposed, but exactly meeting them at all points and closing with them just as they stand." (*Barber-Greene Co., Inc.*, v. *Dollard, Inc., supra*.)

It follows, therefore, that where, as here, the offer specifies the time, place and mode of acceptance, an acceptance after that time, or at any other place, or in any other manner, is wholly nugatory and ineffectual as an acceptance. The motion is granted.