■ MIDTOWN CANDY COMPANY, INC., Appellant, v HELMSLEY-SPEAR, INC., et al., Respondents.—Order, Supreme Court, New

York County (Herman Cahn, J.), entered on or about August 22, 1988, which granted defendants' motions for summary judgment under CPLR 3212 and dismissal of the complaint under CPLR 3211, unanimously affirmed, without costs.

The record shows that the plaintiff and defendants Helmsley-Spear, Inc. and Mid-City Associates entered into the negotiation for a new retail lease on a new space in a building known as One Penn Plaza when plaintiff's original lease on a different space expired and defendants would not extend it. Although the parties negotiated, they never entered into a lease. Plaintiff's conclusory allegation to the contrary is unsupported by any specifics or by any documentary evidence, such as a copy of the purported lease. From the record, it is clear that no binding agreement was ever reached but that the two leases which were drafted by the landlord were intended for discussion purposes only.

With no contract in existence, there is no cause of action for breach of contract (Tebbutt v Niagara Mohawk Power Corp., 124 AD2d 266, 268) or for tortious interference with contract (Long Is. Pen Corp. v Shatsky Metal Stamping Co., 94 AD2d 788, 789). There is no evidence of unconscionability that would justify imposing the equitable doctrine of estoppel in this common situation of one party backing out of negotiations for a new lease before a writing was executed (see, e.g., American Bartenders School v 105 Madison Co., 91 AD2d 901, 902).

The purported cause of action for prima facie tort must fail because plaintiff has not pleaded or raised a triable issue of fact as to special damages (Freihofer v Hearst Corp., 65 NY2d 135, 143) or as to disinterested malevolence (Schlotthauer v Sanders, 143 AD2d 84, 85). Plaintiff's pleading of the tort of civil conspiracy must fail because no such tort exists (Satin v Satin, 69 AD2d 761, 762). Plaintiff has not pleaded or raised a triable issue of fact as to malicious, fraudulent or deceitful acts that would support a cause of action for tortious interference with precontractual relations (Gertler v Goodgold, 107 AD2d 481, 490, affd 66 NY2d 946).

There was no need to withhold summary judgment pending discovery. Plaintiff has not shown that any discovery was requested and has not identified even one item of information it hopes to obtain that would raise a triable issue of fact. In short, plaintiff has not shown a likelihood that discovery would yield evidence otherwise in the exclusive control of the defendants (see, Goldheart Intl. v Vulcan Constr. Corp., 124 AD2d 507, 508). Concur—Murphy, P. J., Carro, Milonas, Kassal and Wallach, JJ.