■ ROCHESTER HOME EQUITY, INC., Respondent, v PHILIP G. GUENETTE et al., Appellants. [775 NYS2d 680]—

Appeal from a judgment of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered February 4, 2003. The judgment granted plaintiff judgment against defendants in the amount of $1,120 together with interest, attorneys' fees, costs and disbursements.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law with costs, the motion is denied, summary judgment is granted to defendants and the complaint is dismissed.

Memorandum: Plaintiff commenced this action to recover a mortgage commitment fee allegedly due pursuant to the New York Prevailing Interest Rate Commitment (Commitment) signed by defendants. Supreme Court erred in granting plaintiff's motion for summary judgment. Paragraph 19 of the

Commitment, entitled "Acceptance of Commitment," provides that defendants indicate their acceptance of the Commitment by signing it *and* returning it to plaintiff with the commitment fee, and it is undisputed that, while defendants signed the Commitment, they did not pay the fee. "It is a fundamental rule of contract law that an acceptance must comply with the terms of the offer" (*Gram v Mutual Life Ins. Co. of N.Y.*, 300 NY 375, 382 [1950]) and "where, as here, the offer specifies the . . . mode of acceptance, an acceptance . . . in any other manner[ ] is wholly nugatory and ineffectual" (*Spratt v Paramount Pictures*, 178 Misc 682, 684 [1942]). Thus, because defendants did not indicate their acceptance of the Commitment in the manner prescribed therein, i.e., by paying the commitment fee, no binding contract was created. We reject plaintiff's contention that a contract was created based upon paragraph 4 of the Commitment, which provides in part that defendants become liable for payment of the commitment fee upon signing the Commitment. Assuming, arguendo, that paragraph 4 creates an ambiguity with respect to defendants' obligation to pay the commitment fee, we note that "[i]t is a basic principle of contract law that a written document is to be construed against the party who prepared it [i.e., plaintiff,] where there are ambiguous or contradictory provisions" (*Gillette v Heinrich Motors,* 55 AD2d 841, 841 [1976], *affd* 44 NY2d 661 [1978]; *see Jacobson v Sassower,* 66 NY2d 991, 993 [1985]). We therefore exercise our power to search the record and grant summary judgment to defendants (*see* CPLR 3212 [b]; *Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 111 [1984]) "because, in view of the uncontroverted proof in the record, there is no basis upon which relief might be granted to plaintiff on the complaint" (*Chase Mtge. Co. v Fowler,* 280 AD2d 892, 893 [2001]). Present—Green, J.P., Hurlbutt, Kehoe, Gorski and Hayes, JJ.