■ CROSS DEVELOPMENT, INC., Plaintiff, v TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, Defendant and Third-Party Plaintiff-Respondent. McLEAN-THOMAS, INC., Third-Party Defendant-Appellant, et al., Third-Party Defendant. [817 NYS2d 831]—

Appeal from an order of the Supreme Court, Chautauqua County (John T. Ward, Jr., A.J.), entered June 7, 2005. The order, among other things, denied the cross motion of third-party defendant McLean-Thomas, Inc. for, inter alia, summary judgment dismissing the amended third-party complaint and cross claims against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the cross motion in part and dismissing the amended third-party complaint and cross claims against third-party defendant McLean-Thomas, Inc. and as modified the order is affirmed without costs.

Memorandum: Third-party plaintiff, Travelers Casualty and Surety Company of America (Travelers), commenced this third-party action against, inter alia, third-party defendant McLean-

Thomas, Inc. (McLean) seeking contribution "and/or" common-law or contractual indemnification. The record establishes that plaintiff hired ADF Construction Corp. (ADF) as its general contractor on a construction project for a hotel, and plaintiff thereafter commenced the main action against Travelers, the surety for ADF, based upon, inter alia, ADF's alleged breach of contract. Travelers then commenced this third-party action against various parties who allegedly subcontracted with ADF, asserting causes of aation for the breach of their contractual obligations to ADF and for negligence. McLean cross-moved for, inter alia, summary judgment dismissing the third-party complaint and all cross claims against it and, following the issuance of Supreme Court's decision denying McLean's cross motion, Travelers filed an amended third-party complaint asserting a single cause of action for breach of contract. In light of the amended third-party complaint and our power to search the record (*see* CPLR 3212 [b]; *Rochester Home Equity v Guenette*, 6 AD3d 1119, 1120 [2004]; *see generally Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429-430 [1996]), we address only the propriety of the court's denial of that part of McLean's cross motion seeking summary judgment dismissing the breach of contract cause of action and all cross claims against it.

We conclude that the court erred in determining that there are issues of fact precluding summary judgment to McLean on the breach of contract cause of action, and we therefore modify the order by granting the cross motion in part and dismissing the amended third-party complaint and cross claims against McLean. McLean met its initial burden by establishing as a matter of law that it had not entered into a subcontract with ADF (*see Midtown Candy Co. v Helmsley-Spear, Inc.*, 160 AD2d 484, 485 [1990]), and Travelers failed to raise an issue of fact to defeat the cross motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). We reject the contention of Travelers that the cross motion should have been denied in order to allow Travelers to conduct further discovery that would disclose the existence of such a subcontract. Travelers failed to make the requisite showing that facts essential to justify opposition to the cross motion may have existed but could not then be stated (*see* CPLR 3212 [f]; *Wynn v AC Rochester* [appeal No. 1], 4 AD3d 856 [2004]; *Bateman v Walbridge Aldinger Co.*, 299 AD2d 834, 835 [2002], *lv denied* 100 NY2d 502 [2003]). Present—Pigott, Jr., P.J., Hurlbutt, Kehoe, Smith and Green, JJ.