Lei Linwang v Sheridan Amherst, LLC (2025 NY Slip Op 00595)

Lei Linwang v Sheridan Amherst, LLC

2025 NY Slip Op 00595

Decided on January 31, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, GREENWOOD, NOWAK, AND KEANE, JJ.

936 CA 23-01693

[*1]LEI LINWANG, PLAINTIFF-RESPONDENT,
v
SHERIDAN AMHERST, LLC, DEFENDANT-APPELLANT. 

BLOCK, LONGO, LAMARCA & BRZEZINSKI, P.C., CLARENCE (CHRISTOPHER A. CARDILLO OF COUNSEL), FOR DEFENDANT-APPELLANT.
GROSS SHUMAN P.C., BUFFALO (DAVID H. ELIBOL OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Emilio Colaiacovo, J.), entered August 30, 2023. The order, insofar as appealed from, granted that part of plaintiff's motion seeking a declaration that plaintiff is not obligated to pay real property taxes and insurance for the leased premises and denied that part of defendant's cross-motion seeking a declaration that plaintiff is required to pay real property taxes. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion to the extent that it sought an order declaring that plaintiff is not obligated to pay real property taxes or insurance under the lease is denied, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Plaintiff (tenant) and defendant (landlord) entered into a commercial lease, which, inter alia, assigns responsibility for the payment of real estate taxes and insurance. Following a dispute over those terms, the tenant commenced this declaratory judgment action, seeking, inter alia, a declaration that those terms were ambiguous and that the tenant is not responsible for any real estate taxes or insurance payments with respect to the leased premises. The landlord appeals, as limited by its brief, from an order insofar as it granted the tenant's motion to the extent that it sought a declaration that the tenant "is not obligated to pay real property taxes or insurance under the [l]ease," and insofar as it denied the landlord's cross-motion to the extent that it sought a declaration to the contrary. Specifically, Supreme Court determined that the relevant terms of the lease were ambiguous and construed them against the landlord solely on the basis that the landlord's predecessor drafted the lease without any input from the tenant.
Although "[i]t is a basic principle of contract law that a written document is to be construed against the party who prepared it . . . where there are ambiguous or contradictory provisions" (Rochester Home Equity v Guenette, 6 AD3d 1119, 1120 [4th Dept 2004] [internal quotation marks omitted]; see Jacobson v Sassower, 66 NY2d 991, 993 [1985]; Gillette v Heinrich Motors, 55 AD2d 841, 841-842 [4th Dept 1976], affd 44 NY2d 661 [1978]), that "is a rule of construction that should be employed only as a last resort" (Birdsong Estates Homeowners Assn., Inc. v D.P.S. Southwestern Corp., 101 AD3d 1735, 1737 [4th Dept 2012] [internal quotation marks omitted]; see generally Lamps Plus, Inc. v Varela, 587 US 176, 186-187 [2019]; Record Club of Am., Inc. v United Artists Records, Inc., 890 F2d 1264, 1271 [2d Cir 1989]). We conclude, on the record before us, that the court erred in relying solely on the doctrine of contra proferentem to conclude that the tenant does not owe real estate taxes and insurance payments under the lease, inasmuch as "it cannot be assumed that all relevant extrinsic evidence has been presented at this stage of the litigation" (Perella Weinberg Partners LLC v Kramer, 153 AD3d 443, 448 [1st Dept 2017]; see Birdsong Estates Homeowners Assn., Inc., 101 AD3d at 1737). We consequently reverse the order insofar as appealed from, deny the motion insofar as it sought a declaration that the tenant does not owe any real property taxes or insurance payments under the lease, and remit the matter to Supreme Court for further proceedings on the [*2]motion and cross-motion to determine the parties' intent with respect to the lease, including a hearing if that determination "depends on the credibility of extrinsic evidence or on a choice among reasonable inferences to be drawn from [such] extrinsic evidence" (Matter of Wilson, 138 AD3d 1441, 1443 [4th Dept 2016] [internal quotation marks omitted]).
Entered: January 31, 2025
Ann Dillon Flynn
Clerk of the Court