■ Louis Cooper, Respondent, v. Benjamin Kaufman et al., Appellants, et al., Defendants. (Action No. 2.) Louis Cooper, Respondent, v. Benjamin Kaufman et al., Appellants. (Action No. 3.) Louis Cooper, Respondent, v. Benjamin Kaufman et al., Appellants. (Action No. 4.) Louis Cooper, Respondent, v. Benjamin Kaufman, Appellant.— Judgments entered in Actions Nos. 2 and 3 and the judgment entered in the City Court action affirmed, with costs to the respondent; judgment entered in Action No. 4 modified in the exercise of discretion to the extent of withdrawing from the consideration of the Referee the question as to the amount of the plaintiff's participation in the Philips Place building transaction and remitting that question to the trial court for its determination and otherwise affirmed. There is sufficient evidence to support the findings made by Special Term that the plaintiff was entitled to an interest in the several transactions in connection with which the court directed accountings. We cannot, on this record, disturb the findings made by the trier of the facts who had the witnesses before him. The findings made with respect to the promissory note and the defendants' counterclaims are similarly supportable by the record. However, with respect to the transaction involving the Philips Place building, the trial court, having found that the plaintiff had an interest therein, should have made a finding as to the extent of such interest rather than refer such question to the Referee. In order for the Referee to make the requisite finding as to the extent of the plaintiff's interest in that property it would seem that the Referee will be obliged to take testimony which, to too great an extent, would duplicate that taken at the trial. Accordingly, the matter should be remitted for the purpose of the

court making a finding of the plaintiff's interest in the Philips Place transaction after taking such further proof as it may deem advisable. Concur — Breitel, J. P., Rabin and Bastow, JJ.; Stevens and Eager, JJ., dissent in part in the following memorandum: We dissent in part. We would modify on the law and on the facts judgment in Action No. 3, entered September 24, 1959, to delete therefrom the provisions for an accounting by defendants Kaufman and Jacobs with respect to the Shaughnessy Building, Montreal, Canada; and we would modify on the law and on the facts the interlocutory judgment in Action No. 4, entered July 27, 1959, to delete therefrom the provisions for an accounting by the defendants with respect to the Philips Place Building, Montreal, Canada; and we would otherwise affirm the said judgments. In our opinion, the evidence does not support the finding that the above-named properties were embraced within the alleged over-all joint venture agreement. The plaintiff did not establish an agreement for a joint venture embracing these properties.