## (December 4, 1969)

■ PAMELA BILLINGTON, an Infant, by MARGARET BILLINGTON, Her Guardian ad Litem, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 41679.) — SWEENEY, J. Appeal from a judgment of the Court of Claims which dismissed a claim for damages for personal injuries sustained by the infant claimant, upon a finding that there was no actionable negligence on the part of the State and that claimant was contributorily negligent. The trial was concerned solely with the question of liability. Claimant-appellant at about 8:00 P.M. on November 18, 1962 at the age of 11 was walking behind her sister and another girl on a sidewalk on Cleveland Avenue in the City of Amsterdam when she slipped and fell sustaining the injuries for which recovery is sought. The walk was covered with about two inches of snow under which there was ice which caused bumps and ridges. The sidewalk runs uphill in the direction claimant and the other girls were proceeding and one of the others was pulling a sled. Claimant testified that it was their intention to go sleigh riding, although it is indefinite in the record as to just where. The State constructed a North-South Arterial in the City of Amsterdam, and in so doing regraded a hillside to the south and abutting the sidewalk along Cleveland Avenue. The hillside, or embankment, was found by the court to be within the State's right of way. Just north of the curb in the street the State provided a catch basin. Opposite this catch basin on the sidewalk is approximately where claimant fell. The municipality has the duty to maintain the sidewalk where the claimant fell. It may under certain circumstances be held liable for negligently failing to remove the ice and snow. (*Roark* v. *Hunting,* 24 N Y 2d 470, 475; *Cannon* v. *Pfleider,* 19 A D 2d 625, 626.) An abutting owner is liable if it artificially causes water from the property to flow onto the sidewalk where it freezes resulting in a dangerous condition. (*Cannon* v. *Pfleider, supra,* p. 626.) Claimant maintains that the State in performing the grading adjacent to the sidewalk failed to provide adequate drainage and this resulted in an artificially created dangerous condition which amounts to actionable negligence. Claimant had the

burden of proving these facts by a fair preponderance of the evidence. (*Boyce Motor Lines* v. *State of New York*, 280 App. Div. 693, 696, affd. 306 N. Y. 801.) The court found that she failed to establish that the ice and snow was the result of improper construction or inadequate or improper drainage. We should not disturb the findings of the court as the trier of the facts unless it is obvious that its conclusions could not be reached under any fair interpretation of the evidence. (*Tyrell* v. *State of New York*, 6 A D 2d 958.) There was conflicting testimony by the expert witnesses as to whether the grading and drainage work was properly done. The court was in a position to evaluate this testimony, and in so doing had the right to take into consideration the qualifications of the witnesses. While the proof established that water " trickled " down the embankment, there is nothing in the record to permit a conclusion that this condition did not exist before the grading. As to the issue of nuisance, the court properly denied claimant's motion to amend the claim after all the proof was in. Since the trial court found no actionable negligence on the part of the State, there could be no liability for nuisance on its part on this record. (See *Stapleton* v. *Church of the Pilgrims in City of Brooklyn*, 242 App. Div. 710.) Judgment affirmed, without costs. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Sweeney, J.