488 P.2d 226 (1971)
DICTAPHONE CORPORATION, Plaintiff in Error,
v.
Paul B. CLEMONS, Defendant in Error.
No. 70-143.
Colorado Court of Appeals, Div. I.
June 2, 1971.
Rehearing Denied June 22, 1971.
Certiorari Denied September 13, 1971.
James D. Childress, Durango, for plaintiff in error.
William L. Jones, Idaho Springs, for defendant in error.
Not Selected for Official Publication.
DWYER, Judge.
The plaintiff in error, Dictaphone Corporation, prosecutes this writ of error seeking to reverse an adverse judgment against it in an action brought by Paul B. Clemons, a retired employee of the corporation. In issue is the amount of the monthly pension benefit which the company is obligated to pay the employee. The company contends that the amount of this benefit is $666 per month, but the court found the amount to be $761 per month, and entered judgment consistent with this finding.
The pension plan of the corporation was established in 1950 and provided a maximum benefit payable to an employee who had reached the normal retirement age of 65 years. The plan also provided that an employee, after reaching the age of 55, could retire before the normal retirement age. In the event of such "early retirement" the employee could elect to defer pension benefits until normal retirement age and receive full pension benefits, or he could elect to receive pension benefits immediately upon retirement. If he elected to receive the pension immediately, his benefits would be subject to an "actuarial adjustment," which would reduce the monthly benefit by one-half of one percent per month for each month intervening between the date of early retirement and the date of normal retirement.
*227 The plaintiff retired on April 1, 1967, at the age of 62. At that time plaintiff had been employed by Dictaphone for more than 33 years and during the last years of his employment was Western Marketing Manager.
In January of 1966, plaintiff attended a meeting with the defendant's president and other executives of the company. After the meeting was over, a Mr. Dubuque, one of Dictaphone's executives, asked plaintiff whether he had made plans for his retirement. Plaintiff stated that he had no definite plans to retire, and Dubuque suggested that they discuss the matter later. In June of 1966, Dubuque told plaintiff that the company wanted him to retire on January 1, 1967. Plaintiff then discussed the question of his retirement with a company officer and told the officer that he could not afford to retire on the date requested because the pension benefits he would receive at that time would not be sufficient to support himself and his wife.
On December 13, 1966, the president of the company sent plaintiff a letter announcing the addition to the plan of a "new minimum benefit" provision. The pertinent part of the letter is as follows:
"C. Addition of New Minimum Benefit provision.

"Plan members retiring in the future will qualify for an annual minimum benefit, inclusive of the employee's expected Social Security benefit, equal to 37½ of the average of his annual earnings (as defined in the plan) for the five consecutive years immediately preceding his retirement or termination date, providing the employee has reached age 62 and has at least thirty years of credited service with Dictaphone Corporation. The total benefit will be proportionately reduced if the employee has less than thirty years but at least ten years of credited service. Service will not be counted toward the thirty-year requirement during any period prior to December 30, 1966 in which the employee was not making the full contributions which he was permitted to make under the existing provisions of the plan."
Plaintiff had reached the age of 62, had more than 30 years of credited service, and had made full employee contributions. He was, therefore, qualified for the new annual minimum benefit provided in the letter. His minimum benefit computed in accordance with the terms of the letter would be $761 per month. Plaintiff, in reliance upon the new benefit provision contained in the letter, accepted retirement.
The trial court found that the new minimum benefit provision contained in the company's letter of December 13, 1966, constituted an offer binding upon the company; that defendant was qualified for the minimum benefit; and that his retirement constituted an acceptance of the pension in the amount to be computed in accordance with the formula contained in the letter. Upon the basis of these findings, the court properly concluded that the company was contractually obligated to pay plaintiff a pension in the amount of $761 per month.
The defendant corporation contends that the minimum benefit provided for in the letter of December 13, 1966, was subject to an "actuarial reduction" because plaintiff had not attained the age of 65 years, and that his pension, so computed, would amount to $666 per month.
The provision for actuarial reduction of the pension benefits to an employee who retires before age 65 is contained in documents described as "Dictaphone Pension Program Plan G for Dictaphone Corporation," or as the "Plan." These documents are located in the Personnel Department of the company in New York, and the company contends that plaintiff's pension must be computed according to the terms of this "Plan." It is the general rule, as contended by the company, that an employee's rights to pension benefits are measured by the terms of the plan established by the employer. See Smith v. Union Carbide Corp., 6 Cir., 350 F.2d 258; *228 Gediman v. Anheuser Busch, Inc., 2 Cir., 299 F.2d 537.
This rule is, however, subject to an exception which is applicable to the present case. Employee pension benefit plans are subject to the provisions of the Welfare and Pension Plans Disclosure Act, 29 U.S. C. § 301, et seq., and "qualified" plans (like the one here) are subject to the provisions of the Internal Revenue Code. Regulations promulgated by the Bureau of Internal Revenue require that a copy of the company "plan" be maintained at a designated place on the company's premises, and that the employees be apprised of the salient provisions thereof. The regulations suggest that the most effective way of notifying employees of the establishment of a plan and its salient provisions is to furnish each employee with a copy of the plan. Recognizing that this is not always feasible, the regulations provide that various substitutes may be used, and the regulations permit an employer to furnish the employees with summaries or synopses of the plan. A problem arises when there is a conflict between the provisions of the official "plan" and the description of the plan which is furnished the employee. Such a situation was presented in Gould v. Continental Coffee Co., D.C., 304 F.Supp. 1, and the court stated the applicable rule as follows:
"It is equally clear that defendant is bound by the terms of the Plan as embodied in the booklet it provided plaintiff. Although defendant is permitted to furnish its employees with a summary of its Plan, Rev.Rul. 61-157, 1961-62 Cum. Bull. 67, such summary should not be misleading. Any discrepancy which exists between the Plan and its summary must be construed against its draftsman and in favor of plaintiff employee. See United States v. Braunstein, 75 F.Supp. 137, 140 (S.D.N.Y.1947)."
The rule stated in Gould is applicable to the present case. The letter of December 13, 1966, which Dictaphone sent to the plaintiff contained no statement that the "new minimum benefit" described in the letter was subject to any "actuarial adjustment." Dictaphone is, accordingly, bound by the terms of the letter.
Judgment affirmed.
COYTE and PIERCE, JJ., concur.