█ CONSOLIDATED GAS SUPPLY CORPORATION, Appellant, v. ANTHONY P. MATULA et al., Respondents.— Appeal from a judgment of the Supreme Court, Schenectady County, construing the provisions of a "Right-of-Way Grant" in favor of the respondents. In 1951 respondents conveyed to appellant's predecessor in title an easement over a portion of their land to lay a pipeline. The conveying instrument contained a printed provision giving the appellant the right for a specified fee to lay an additional pipeline on respondents' property "along side the first line  *  *  *  and not more than sixteen (16) feet therefrom". The conveyancing instrument also contained the following handwritten language: "Line to be laid within 50' of the North Property Line to within 15±' of the cable line located along the eastern property line, then within 15±' of the cable line to Putnam Road". The first pipeline was laid within the foregoing specified area and thereafter in 1968 appellant decided to lay a second line. Simply stated, the issue presented in this case is whether, pursuant to the agreement, the second line must also be laid inside the area prescribed by the handwritten language or could properly, under the language of the instrument, be laid outside said area as long as it was laid within 16 feet of the first line. The contractual intent of the parties is, of course, what we must try to glean from the written terms before us. Where, as here, there is some obvious ambiguity there are two well-seasoned principles of contract construction that should be noted: handwritten provisions control over printed provisions which are in conflict (*Kratzenstein* v. *Western Assur. Co. of Toronto,* 116 N. Y. 54, 57) and contract ambiguities will be construed against the maker of the contract (see, e.g., 10 N. Y. Jur., Contracts, § 223; *Evelyn Bldg. Corp.* v. *City of New York,* 257 N. Y. 501). Here it is quite true that the handwritten limitation and the printed language are not strictly repugnant and could possibly be read together; however, such a construction would enlarge the possible area subject to the easement to 66 feet along the northern line and 31 feet along the eastern line and thus considerably expand the area involved beyond the area limited in the handwritten portion particularly on the eastern side. We agree with the trial court that such a construction as appellants' advance does such violence to the well-defined handwritten limitation as to be unacceptable. If it was the intent of appellants' predecessor that a second line could be laid outside the designated area such could easily have been so specified and yet was not. We thus concur with the trial court that the agreement should be construed to require that the second pipeline must also be within the designated area. Judgment affirmed, with costs. Herlihy, P. J., Staley, Jr., Greenblott, Main and Reynolds, JJ., concur.