■ MAX MITZNER, Appellant, v JAMES J. JARCHO et al., as Trustees of the JOINT PLUMBING INDUSTRY BOARD, et al., Respondents.—In an action *inter alia* for a judgment declaring *inter alia* that plaintiff is entitled to receive pension benefits, plaintiff appeals from a judgment of the Supreme Court, Kings County, entered February 28, 1974, which dismissed the complaint after a nonjury trial. Action remanded to Special Term for a hearing at which time (1) respondents shall be given an opportunity to justify the application to plaintiff of the 1966 amendment to the trust agreement and (2) the record should be clarified as to the matters hereinaf-

ter noted. Appeal held in abeyance in the interim. While trustees of pension funds are accorded wide latitude in revising eligibility for pension benefits, they nevertheless owe a fiduciary duty to employees not to impose unreasonable conditions. Plaintiff has worked in the plumbing trade since 1922, was a member of Local Union No. 2 of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada (the union), and was an intended beneficiary of the 1952 agreement and declaration of trust entered into between the union and the Association of Contracting Plumbers of the City of New York, Inc. He is faced with the possibility of having all his employment prior to 1961 rendered worthless as to his pension rights because of amendments to the rules and regulations of the pension fund promulgated in 1966 which, *inter alia,* require 15 consecutive years of participation in the pension plan and provide that credit toward eligibility is earned only if the pension fund trustees have *received* pension contributions in the applicant's behalf from employers who are signatories of the collective bargaining agreement. From 1952 until 1963 it was required that one work for the plumbing trade for not less than 1,250 days. In 1963 the pension plan's rules and regulations were amended to require that contributions be made by employers on the employees' behalf before credit is given. The requirement that contributions be received by the pension fund trustees is especially unfair in light of paragraph FIRST of the trust agreement empowering the trustees "to demand, collect and receive all Employer contributions * * * and * * * take such steps, including the institution and prosecution of * * * any proceeding * * * as may be necessary or desirable to effectuate the collection of such Employer contributions". The net effect of the 1966 amendment requiring "receipt" before credit is given is to withhold benefits from those beneficiaries who had the misfortune of working for delinquent employers. We conclude that these changes in the pension plan, stemming from the 1966 amendment, are arbitrary and capricious when applied to plaintiff, absent a showing on behalf of the trustees of their reasonableness with regard to the purposes of the pension fund. Finally, we note that the record on this appeal is unclear whether plaintiff worked for contributing employers for 1,250 days, disregarding the requirements that the 1,250 days must be within a 15-year consecutive period and that the contributions must be received before any one-day's credit is earned. This should be clarified. Rabin, Acting P. J., Latham, Cohalan, Margett and Brennan, JJ., concur.