■ JACK WALKES, Appellant, v JAMES JARCHO et al., Respondents.— Order and judgment (one paper), Supreme Court, New York County, entered July 14, 1975, denying plaintiff's motion for summary judgment and granting defendants' cross motion for like relief dismissing the complaint and declaring that plaintiff is not eligible for a pension, that his alleged lack of knowledge of a change in pension eligibility rule in 1966 had no effect on the validity of the new eligibility rules, and that the trustees of the pension fund had not acted arbitrarily or capriciously in denying plaintiff's application for a pension, unanimously modified, on the law, without costs and disbursements, so as to deny defendants' cross motion for summary judgment and to vacate the declaratory provisions, and the matter is remanded for trial. Plaintiff worked in the plumbing industry as a union member in good standing from 1924 to 1954, when general unemployment apparently required him to seek out-of-town work from employers that were not contributors to the defendants' pension fund. He remained a member in good standing, however, in the union. By 1960, plaintiff returned to employment in New York City, where he resumed work in the bargaining unit covered by the pension plan for the ensuing 11 years. In 1971, at the age of 66 years, plaintiff retired on doctor's order for chronic rheumatism. He thereupon applied for pension benefits allegedly under the belief that the eligibility requirements were the same as those enacted in 1952, which provided that an employee could retire upon attaining 65 years of age who had been a union member in good standing for 15 years, including the five years immediately preceding the application for retirement and had been employed for two years prior to such application. Defendants denied his application on the grounds of the pension fund's trustees' 1966 amendment to the eligibility requirements, of which plaintiff allegedly had had no prior notice, which increased the requirement of employment prior to retirement

from the original two-year provision to a 15-consecutive-year rule. The plaintiff at the time of his application would have needed at least an additional three years of continuous employment in order to qualify under the new rule. As a consequence of defendants' rejection of his application, plaintiff initiated the instant action for a declaratory judgment of his right to a pension and for an accounting and money damages. "While trustees of pension funds are accorded wide latitude in revising eligibility for pension benefits, they nevertheless owe a fiduciary duty to employees not to impose unreasonable conditions" *(Mitzner v Jarcho,* 50 AD2d 900, 901). The issue presented is whether the total forfeiture of plaintiff's pension rights, including credits for the 30 years of service prior to his break in employment apparently due to adverse economic conditions, and the loss of the 17 years of credited service during the existence of the pension plan itself, constitutes a reasonable application of the 1966 amendment of the eligibility rules, of which plaintiff says he was not given notice until he applied for benefits six years later at a time when he claims to be physically disabled and therefore unable to work for the additional three years necessary to comply with the new 15-year requirement (see *Lavella v Boyle,* 444 F2d 910; *Lee v Nesbitt,* 453 F2d 1309; *Kosty v Lewis,* 319 F2d 744; *Mitzner v Jarcho, supra).* On the record herein it is patent that a trial is warranted to resolve the above issue which of necessity will serve the purpose of developing the rationale behind the application of the 1966 eligibility requirement to the plaintiff. Among the other factual areas which may be explored are: the ability or lack thereof of the plaintiff to fulfill the additional three years to complete the 15-year requirement after 1971 and the reason for the break in plaintiff's employment in 1954. Concur—Murphy, J. P., Lupiano, Silverman, Lane and Yesawich, JJ.