## CIRCUIT COURT OF THE CITY OF RICHMOND

Reginald D. Waggoner

    v.

H. B. Wehrle, Jr., et al.

### August 25, 1976

### Case No. 9027

By JUDGE ALEX H. SANDS, JR.

This case is now before the court on defendants' motion for summary judgment, and also that of the plaintiff.

Defendants' motion for summary judgment raises the sole question as to whether or not, in view of plaintiff's admission that subsequent to termination of his employment with McJunkin, he accepted employment with a competing firm, [this] forfeits plaintiff's right of participation in McJunkin's profit sharing plan, in view of Section 13 of such plan.

Plaintiff contends that the plan itself was never made available to him during the term of his employment and that he was unfamiliar with the plan and in particular with Section 13 thereof until after termination of his employment. This is a disputed issue of fact.

The chief basis of plaintiff's contention that his right to participation in the plan should not be forfeited under the facts of the case is that he was furnished by McJunkin during his employment by that company with a booklet which undertook to explain the plan to all employees. That he had the right to rely upon the statements set forth in this booklet is clear. *Gould v. Continental Coffee Co.*, 304 F. Supp. 1 at 3 (S.D. N.Y. 1969).

The specific provision in the booklet upon which he relies is found at page 18, which reads as follows:

> Another exception (to the right of participation under the plan) is that benefits are not payable to an employee who accepts employment with, or aids, a competitor of the Company.

Plaintiff contends that he interpreted this statement to mean that the forfeiture was imposed only upon persons accepting employment with, or aiding, a competitor of the company while in the employ of the *defendant company*. He says that he did not understand this to apply to a *former* employee whose employment by the company had been terminated.

Plaintiff's position in this respect is well taken. The company could have made this ambiguous language perfectly clear by adding after the word employee "of the company during his employment, or a former employee after termination of employment." The language is, at best, ambiguous, and ambiguities in a booklet of this type must be interpreted most strongly against the draftsman.

Defending relies upon the cases of *Nationwide Mutual v. Tatem*, 210 Va. 693 (1970), and *Rochester Corp. v. W. L. Rochester, Jr.*, 450 F.2d 118 (4th Cir. 1971). Neither case is relevant to the issue before this court. In *Rochester* it was held that a provision such as Section 13 of the McJunkin profit sharing plan does not, under Virginia law, constitute invalid restraint, violative of public policy; the case holding that such a provision constituted a forfeiture and not an agreement in restraint of trade. Plaintiff in the instant case does not deny that this is a correct statement of law.

The sole issue in *Nationwide v. Tatem*, insofar as any applicability to the issue in the case at bar is concerned, was whether a series of letters written by the former employee of an insurance agency to customers upon the books of the company constituted an inducement or an attempt to induce existing policyholders of the company to replace, lapse, forfeit or cancel any policies issued by the company. The court held that this was a factual question and that the letters so written by the former employee obviously constituted such inducement, etc., as to be violative of the agreement which such

former employee had with the company and to forfeit such former employee's right to "extended earnings" to which he would have otherwise been entitled under the company agreement. This, of course, is not the issue before the court in the case at bar.

Although not necessary to the court's decision, it should be further mentioned that the forfeiture provided for in Section 13 carries the following proviso:

> provided such conduct, in the decision of the Employer, is adverse to the best interest of the Employer, such decision to be made in accordance with uniform rules consistently applied in all cases.

Whether or not the action of the plaintiff under the circumstances of this case would meet the requirements of this proviso would also be an issue of fact.

For the above reasons, the defendants' motion for summary judgment will be overruled and this holding necessarily means that the motion for summary judgment filed by the plaintiff in connection with the defendants' counterclaim will also be overruled.