■ AVERY GILLETTE, Respondent, v HEINRICH MOTORS, INC., Appellant. —Judgment unanimously affirmed, with costs, Simons, J., not participating. Memorandum: Plaintiff brought this action seeking a judgment declaring defendant liable to him for payment of salary continuation and medical insurance benefits, which obligations he claimed were set forth in a document mailed to defendant's employees entitled "New Car Salesman's Annual Commission Plan" (Plan). In its answer defendant asserted that the Plan contained merely a summary of its employees' disability insurance benefits, that plaintiff's disability was covered under the terms of a group long-term disability insurance policy that defendant had secured for its employees and of which plaintiff had knowledge and that plaintiff was disqualified from receiving salary continuation benefits by virtue of an exclusionary clause in the policy, since plaintiff's disability existed during the three-month period prior to the effective date of the insurance. Defendant appeals from a judgment which directed it to pay salary continuation benefits to plaintiff pursuant to the provisions in the Plan, without regard to the alleged applicable insurance policy and its exclusionary clause. We find no merit in defendant's contention that plaintiff's right to receive salary continuation benefits is governed exclusively by the insurance policy which it secured for its employees and not by the provisions of the Plan. It is a basic principle of contract law that a written document is to be construed against the party who prepared it where there are ambiguous or contradictory provisions (*Evelyn Bldg. Corp. v City of New York,* 257 NY 501, 513; *Consolidated Gas Supply Corp. v Matula,* 42 AD2d 656; 10 NY Jur, Contracts, § 223). The record shows that plaintiff received by mail a copy of defendant's Plan, which contained provisions pertaining to the payment of salary continuation benefits but which did not allude to any underlying group insurance policy covering these benefits or to the exclusionary conditions expressed in the policy. Although there is evidence that plaintiff attended a meeting at which he signed an application card for group insurance and at which time certain aspects of a newly acquired long-term disability insurance policy were discussed, the trial court found that defendant neither received a copy of this insurance policy nor had notice of a clause in that policy which would eventually prohibit him from obtaining benefits thereunder. The copy of the Plan which plaintiff received represented an agreement between defendant and its employees under which defendant promised to provide the benefits therein enumerated in exchange for its employees' continued employment. Plaintiff has the right to rely on the information supplied to him in the Plan, and any discrepancies which exist between the Plan and the insurance policy must be construed against defendant, the drafter of the Plan, and in favor of plaintiff (see *Gould v*

*Continental Coffee Co.* 304 F Supp 1, 3; *Dictaphone Corp. v Clemons,* 488 P2d 226, 228; see, also, *Davilla v Court Employment Project,* 86 Misc 2d 552). Inasmuch as the findings of the trial court are based on a fair interpretation of the evidence and appear reasonable in light of the record, they should not be disturbed *(Collins v Wilson,* 40 AD2d 750, 751; *Billington v State of New York,* 33 AD2d 822, 823). (Appeal from judgment of Monroe Supreme Court—declaratory judgment.) Present—Marsh, P. J., Moule, Cardmone, Simons and Mahoney, JJ.