**Richard C. KELLER, Plaintiff,**

v.

**SYRACUSE CHINA CORPORATION, Defendant.**

**No. 78–CV–252.**

United States District Court,
N. D. New York.

April 5, 1979.

Byrne & Costello, P. C., Syracuse, N. Y., for plaintiff; Matthew V. Byrne, Jr., Syracuse, N. Y., of counsel.

Bond, Schoeneck & King, Syracuse, N. Y., for defendant; Charles T. Beeching, Jr., Syracuse, N. Y., of counsel.

**MEMORANDUM–DECISION
AND ORDER**

MUNSON, District Judge.

Plaintiff has commenced this action to recover pension benefits which allegedly were denied to him in violation of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1101 et seq. The Defendant has moved to dismiss the Complaint for lack of subject matter jurisdiction because the acts allegedly giving rise to Plaintiff's claim transpired prior to the ef-

---

fective date of the Act. This position is correct, and for the reasons hereafter set forth, Plaintiff's Complaint must be dismissed.

The Complaint declares that Richard Keller was a full-time employee of the Syracuse China Corporation [1] from July of 1949 until his discharge in July of 1970.[2] On September 1, 1960, the Defendant established an income retirement plan, the terms of which provided that an employee would be entitled to receive a full pension if he was still employed when he reached sixty-five years of age and had completed twenty years in service. The plan also offered an option for early retirement if an employee had completed fifteen years in service and was still employed on his sixtieth birthday. Although Plaintiff had completed more than twenty years in service at the time that his employment was terminated, he had not attained either sixty or sixty-five years of age. He was therefore advised that he would be ineligible for pension benefits.

The employment of other employees was also terminated at the time of Plaintiff's discharge. However, the Complaint alleges that the Defendant and the pension plan trustee entered into a conspiracy, the purpose of which was to make retirement benefits available to selected employees who had not met the otherwise applicable eligibility standards of the pension plan. Plaintiff regards this as an implied amendment of the plan and seeks to hold the Defendant liable for refusing to extend these benefits to him on the same terms.

Plaintiff has selected ERISA as his basis for subject matter jurisdiction. Section 414 of the Act makes most of the general fiduciary provisions applicable on January 1, 1975, the date on which the act pre-empted all state laws dealing with employee benefit plans. 29 U.S.C. §§ 1114, 1144(a). The Defendant has moved to dismiss, arguing that since the acts complained of occurred prior to January 1, 1975, the Court lacks subject matter jurisdiction over Plaintiff's claim. Plaintiff, however, maintains that the Second Circuit has not conclusively ruled out ERISA's retroactive application and denies that the Defendant's scheme took place before the Act became effective.

Suffice it to say that Plaintiff's Complaint belies the second contention [3] and while the possibility of granting retroactive effect to ERISA's vesting provisions in extraordinary circumstances has been left open by the Second Circuit, there can be no doubt that, on the basis of the facts alleged, this Court lacks subject matter jurisdiction over Plaintiff's claim.

ERISA was enacted as a comprehensive program to protect individual pension rights by establishing minimum standards for the regulation of private retirement plans. Its provisions now govern various aspects of pension plan administration, including: participation, vesting, funding, fiduciary duties, reporting, and disclosure. The statute authorizes the Secretary of Labor or any participant or beneficiary to bring a civil action to enforce compliance (29 U.S.C. § 1132(a)(2–6)), and it grants exclusive jurisdiction over these claims to the United States District Court. 29 U.S.C. § 1132(a)(1). Although this legislation had been a subject of Congressional concern for several years, it was not enacted until 1974, and to afford trustees a fair opportunity to bring their plans within its guidelines, ERISA's provisions generally did not become effective until January of 1975. Cf. *Riley v. MEBA Pension Trust*, 570 F.2d 406, 413 (2d Cir. 1978). Furthermore, ERISA's supremacy provision declared that the Act would not supercede similar state law requirements until January 1, 1975, and

---

1. Syracuse China Corporation is the successor of the Onondaga Pottery Company.

2. Plaintiff's discharge was allegedly not precipitated by his own misconduct or shortcomings.

3. Paragraph ten of the Complaint states: ". . . at the time of the discharge of the plaintiff and the discharge of such other employees, the defendant corporation, its officers, employees and agents, as well as the Trustee of the plan, entered into a scheme, plan and conspiracy, the intent and purpose of which was to make pension rights under the Pension Plan available to a certain select group of employees who had not met the age and service requirements of the plan as of the date of their discharge; . . . ."

would not affect causes of action arising under state law prior to that time. In view of these express Congressional directives, many courts have summarily concluded that ERISA will not supply a basis for federal subject matter jurisdiction over claims arising prior to its effective date. For example, *Malone v. White Motor Corp.*, 435 U.S. 497, 98 S.Ct. 1185, 55 L.Ed.2d 443 (1978) involved an action under state law arising out of the Defendant's termination of an employee pension plan on May 1, 1974. While the case turned upon issues of preemption raised under the National Labor Relations Act, the Court noted at the outset that a cause of action could not have arisen under ERISA, stating:

> Because ERISA did not become effective until January 1, 1975, and expressly disclaims any effect with regard to events before that date, it does not apply to the facts of this case.

*Id.* at 499 n.1, 98 S.Ct. at 1187; see also, *International Brotherhood of Teamsters v. Daniel*, 439 U.S. 551, 557, 99 S.Ct. 790, 795 n.10, 58 L.Ed.2d 808 (1979). Similarly, in *Haley v. Palatnik*, 509 F.2d 1038 (2d Cir. 1975), the Second Circuit noted that although ERISA would provide a federal cause of action for the breach of fiduciary duties imposed on pension fund administration, a cause of action for misconduct occurring in July of 1973 would not support such a claim inasmuch as ERISA took effect after the underlying events had transpired. This conclusion was summarily reiterated by the Court in *Nolan v. Meyer*, 520 F.2d 1276, 1278 n.4 (2d Cir.) *cert. den.* 423 U.S. 1034, 96 S.Ct. 567, 46 L.Ed.2d 408 (1975), and again in *Gratian v. General Dynamics Corp.*, 587 F.2d 121 (2d Cir. 1978). See also, *Gehrhardt v. General Motors Corp.*, 581 F.2d 7, 10 n.1 (2d Cir. 1978) and *Fase v. Seafarers Welfare & Pension Plan*, 589 F.2d 112, 116–117 n.6 (2d Cir. 1978).

In addition to the United States Supreme Court and the Second Circuit Court of Appeals, federal courts in other circuits have declined to extend the subject matter jurisdiction conferred by ERISA to claims arising out of acts or omissions which occurred prior to its effective date. *Hoefel v. Atlas Tack Corp.*, 581 F.2d 1, 4 (1st Cir. 1978); *Ruether v. Trustees of Trucking Employees, etc., Welfare Fund*, 575 F.2d 1074 (3d Cir. 1978); *Martin v. Bankers Trust Co.*, 565 F.2d 1276 (4th Cir. 1977); *Fremont v. McGraw Edison Co.*, 460 F.Supp. 599 (N.D. Ill.1978); *Bacon v. Wong*, 445 F.Supp. 1189 (D.Cal.1978); *Morgan v. Laborers Pension Trust Fund*, 433 F.Supp. 518, 524 (D.Cal. 1977); *Sanchez v. Trustees of Pension Plan*, 419 F.Supp. 909, 913 (M.D.La.1976). Indeed, in *Martin v. Bankers Trust Co., supra*, Plaintiff sought to invoke subject matter jurisdiction under ERISA after his employment terminated on June 1, 1974. The District Court dismissed the Complaint for lack of subject matter jurisdiction inasmuch as the underlying events had antedated the enactment of ERISA. The Fourth Circuit affirmed the lower court's decision, expressly rejecting the argument that the trustees' failure to pay pension benefits to Plaintiff following his termination constituted a continuing breach of duty which would bring the claim within the scope of ERISA's jurisdiction. A similar analysis applies in this case.

The tenth paragraph of Plaintiff's Complaint summarizes the misconduct which gives rise to his claim. These allegations disclose that the underlying acts and omissions took place at or near the time of his termination. Since his termination was effected approximately five years before ERISA took effect, this Court has no jurisdiction over Plaintiff's claim.[4] Furthermore, although the Second Circuit has left open the possibility that in some truly shocking case a Court might properly condemn the denial of a pension that would be contrary to the vesting provisions even though it antedated their effective date, *Riley v. MEBA Pension Trust*, 570 F.2d 406, 413 (2d Cir. 1978), Plaintiff's Complaint does not allege violation of any particular ERISA vesting provision, nor does it display such extraordinarily shocking circumstances as would justify deviation from the general

---

4. This is not, of course, to suggest that Plaintiff might not have a viable cause of action under state law.

rule. Accordingly, the Court holds that it has no subject matter jurisdiction over Plaintiff's claim under ERISA. The motion to dismiss is granted.

It is so ordered.