OPINION OF THE COURT
Memorandum.
Judgment of the court below (see 95 Mise 2d 937) reversed, *141 without costs and complaint dismissed.
Plaintiff was an employee and participant in a profit-sharing plan of Gemco Textiles, Inc. He was given a "Participant’s Account Statement” each year. The July 1, 1975 statement showed a balance of $6,691.48 and stated: "In the event you terminate your employment with the Company other than for retirement, death and/or disability, you are entitled to receive 60% of the above total as a termination distribution under the vesting provisions of the Plan.” Plaintiff terminated his employment on May 28, 1976, and shortly thereafter went to work for a competitor. This action was brought to recover his vested interest in the profit-sharing plan.
Pursuant to the formal plan, a member whose membership terminates is not entitled to receive his vested interest until he attains age 60. The record clearly establishes that plaintiff was aware that a formal plan existed. He admitted that he was at a meeting at which time portions of the Plan were read and explained to him, and the "Participant’s Account Statement” he received referred to the "vesting provisions of the Plan.” Although the plan provides that it may be amended by the employer, the statement in the "Participant’s Account Statement” cannot be construed as such. It is merely an incomplete statement regarding the plan’s vesting provisions. Moreover, its failure to disclose that the termination distribution was not payable until age 60 does not provide a basis for finding that defendants should be estopped from invoking the age requirement. Plaintiff did not proceed on the theory of estoppel, and the evidence adduced at the trial would not support a finding that plaintiff relied upon and was misled by the statement to his detriment.
Since plaintiff is not entitled to any present payment under the plan, it is unnecessary to determine whether plaintiff forfeited his vested interest under the plan by performing work for a competitor.
Jones, J., dissents and votes to affirm the judgment in the following memorandum. I would affirm the judgment of the court below.
The majority, in declaring that "[t]he record clearly establishes that plaintiff was aware that a formal plan existed” ignores a finding of fact by the trial court (95 Mise 2d 937, 941) that "[t]he evidence is conflicting as to whether plaintiff *142 even received a copy of the profit sharing plan (setting forth the forfeiture and other provisions on which defendant relies) before this action was begun.” The Trial Judge was in the best position to evaluate the credibility of the witnesses. An appellate court should not make new findings, contrary to those of the trial court, unless it is clear that the trial court erred (Billington v State of New York, 33 AD2d 822; Cooper v Kaufman, 13 AD2d 915).
Section 8.3 of the plan provides that a participant forfeits his vested interest if he performs work for a competitor within two years after terminating his employment. The court below correctly found (p 940) that plaintiff's resignation was "so provoked as to constitute an abusive, arbitrary dismissal,” and that defendant’s misconduct "left [plaintiff] no choice but to seek a livelihood from the work he knew.” It is clear that it would be inequitable and unjust to apply the forfeiture provision under these circumstances. The law abhors a forfeiture, and it is the duty of the court to construe such a provision strictly in order to avoid such a result if possible (10 NY Jur, Contracts, § 230; 20 NY Jur, Equity, §§ 55, 56). Since in every contract there exists an implied covenant of good faith and fair dealing (10 NY Jur, Contracts, § 203), there is no difficulty in interpreting section 8.3 as did the court below, as subject to a constructive condition that the employee’s conduct relied upon as the ground for forfeiture is one that was not compelled by the misconduct of the employer.
The plan and the participant’s account statement plaintiff received each year are in conflict as to when plaintiff is entitled to receive his vested interest. It is axiomatic that contradictory provisions of the same instrument or plan must be construed against the draftsman (Davilla v Court Employment Project, 86 Misc 2d 552, 556; 10 NY Jur, Contracts, § 223).
Concur: Pino, P. J. and Buschmann, J.; Jones, J., dissents in a memorandum.