■ Norman Fogel, Appellant, v Max Goodelman, as Administrator of The Profit Sharing Plan of Gemco Textiles, Inc., et al., Respondents.—In an action to recover an alleged vested interest in a former employer's profit-sharing plan, plaintiff appeals (by permission) from an order of the Appellate Term of the Supreme Court for the Second and Eleventh Judicial Districts, dated July 19, 1979, which (1) reversed a judgment of the Civil Court of the City of New York, Kings County, entered August 14, 1978, which was in favor of plaintiff in the principal sum of $4,014.89, and (2) dismissed the complaint. Order affirmed, without costs or disbursements, and without prejudice to the commencement of an action by plaintiff for a judgment declaring that plaintiff did not forfeit his rights under the profit-sharing plan in question. After resigning from employment on May 28, 1976, plaintiff commenced this action to recover his interest in his former employer's profit-sharing plan, which he alleged to be vested. The Civil Court, following a nonjury trial, held that the plan's provision for forfeiture upon performance of services for a competitor was subject to the implied

condition that the employee's resignation was not precipitated by unfair treatment by the employer and that in this case the resignation *was* so provoked. Further, the Civil Court, relying on *Amory v Boyden Assoc.* (434 F Supp 671), held that a declaration of forfeiture of vested pension rights as to employment ending between January 1, 1975 (when the Employees Retirement Income Security Act [ERISA] pre-empted State law concerning employee benefit plans [US Code, tit 29, § 1132]) and the date of commencement of the plan's first fiscal year after December 31, 1975 (as of which date ERISA rendered void any forfeiture provision based on, *inter alia,* employment by a competitor [US Code, tit 29, § 1053]) was subject to judicial scrutiny according to a rigorous reasonableness test, and that "during this interim period ERISA creates a presumption of unreasonableness in forfeiture provisions and places the burden of proof on those who wish to apply them" *(Amory v Boyden Assoc., supra,* p 673). Noting that plaintiff resigned on May 28, 1976, just a short time prior to July 1, 1976 (which was the claimed inception date of the plan's first fiscal year subsequent to December 31, 1975), the Civil Court held that the defendants had not met their burden of proof in their attempt to apply the forfeiture provision. We agree with the Civil Court that the *Amory* decision is the applicable law pertaining to the burden of proof where an employer or administrator of a profit-sharing plan seeks to apply a forfeiture provision, such as the one here, to a person whose employment terminated during the "interim period" between January 1, 1975 and the date constituting the commencement of the plan's first fiscal year after December 31, 1975. In addition, upon our examination of the trial record, we believe that the Civil Court properly held that defendants had not met the burden of proof as elucidated in *Amory.* However, there is a further issue in this case. Section 8.2 of the plan provides that "if an employee who has attained vesting rights * * * decides to leave the firm prior to the normal retirement and for reasons other than for death or disability, the Trustees of the Trust in their sole option may hold the vested portion of his account until age sixty." The defendant administrator of the plan, in his answer to the complaint, asserted as one of his affirmative defenses that it was a proper exercise of the trustee's discretion to withhold payment until plaintiff was 60 years old. The Civil Court held that plaintiff was not subject to that stricture because he had the right to rely on the "Participant's Account Statement" annually furnished to him which did not refer to such postponement. Further, the Civil Court chose to credit plaintiff's testimony that he had never received a copy of the plan. Accordingly, a money judgment was entered in plaintiff's favor. The Appellate Term reversed and dismissed the complaint on the ground that plaintiff was aware that a formal plan existed and in his testimony he admitted that he was present at a meeting of the participants at the time of the inception of the plan, at which time portions thereof were read and explained. Therefore, held the Appellate Term, plaintiff was bound by the postponement provision. The Appellate Term stated: "Since plaintiff is not entitled to any present payment under the plan, it is unnecessary to determine whether plaintiff forfeited his vested interest under the plan by performing work for a competitor." We agree with so much of the Appellate Term's decision as holds that plaintiff is not presently entitled to receive any payments under the plan and that the trustees, if they so choose, could properly defer payments until he is 60 years old. However, since on our review of the applicable law and facts we have concluded that plaintiff's vested rights were not forfeited and that it would be unnecessarily duplicative and perhaps evidentially difficult to retry the factual issues when plaintiff

attains the age of 60, we affirm the dismissal of the complaint without prejudice to the commencement of an action by plaintiff for a judgment declaring that he did not forfeit his rights under the profit-sharing plan. Had the action been instituted in the Supreme Court, it would have been unnecessary to require even this limited circuity of action, since in such case we would have converted this action, *sua sponte,* to one for a declaratory judgment and then decreed (1) that plaintiff did not forfeit his vested right, and (2) that the trustees could properly postpone payment until plaintiff attained the age of 60. The requirement that declaratory judgment actions be commenced in the Supreme Court (CPLR 3001) bars us from so doing *eo instanti.* Mollen, P. J., Lazer, Gibbons and Margett, JJ., concur. [95 Misc 2d 937, revd 100 Misc 2d 140.]